UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RONNIE D. EWERT,

                  Petitioner,

vs.

STATE OF WASHINGTON,

                  Respondent.

NO. CV-10-5006-RHW

ORDER TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING PETITION

      Petitioner, a prisoner at the Washington State Penitentiary (WSP), seeks to file *in forma pauperis* a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Because it appears Petitioner lacks sufficient funds to prosecute this action, **IT IS ORDERED** the District Court Executive shall file the Petition without payment of the filing fee.

      An initial defect with Mr. Ewert's petition is he names an improper party as Respondent. A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). This person typically is the warden of the facility in which the petitioner is incarcerated. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. *Id.*; *Dunne v. Henman*, 875 F.2d 244,

ORDER TO PROCEED *IN FORMA PAUPERIS*
AND DISMISSING PETITION -- 1

249 (9th Cir.1989).

Petitioner asserts he is being held past his earned early release date until he provides an approved address. Before a federal court will consider the merits of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, however, the petitioner must demonstrate that each and every claim in the petition has been presented for resolution by the State Supreme Court. A state prisoner must exhaust state Supreme Court remedies with respect to each claim before petitioning for a writ of habeas corpus in federal court. *Granberry v. Greer,* 481 U.S. 129, 134 (1987); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *Bland v. Calif. Dept. of Corrections*, 20 F.3d 1469, 1472 (9th Cir. 1994). The exhaustion requirement protects the role of state courts in enforcing federal law, prevents the disruption of state judicial proceedings, and gives the state's highest court the opportunity to examine and vindicate a right of federal constitutional magnitude. *Rose v. Lundy,* 455 U.S. 509, 518-20 (1982).

Mr. Ewert admits on the face of his petition that he has **NOT** exhausted any state court remedies regarding this claim. He asserts "the state would only delay a lot longer before releasing me." The Ninth Circuit has held that the apparent futility of presenting claims to state courts is not cause for failing to exhaust state court remedies. *See Noltie v. Peterson,* 9 F.3d 802, 805 (9th Cir. 1993). Petitioner is still required to exhaust each claim for habeas relief.

A claim is considered exhausted when it has been fully and fairly presented to the state Supreme Court for resolution under federal law. *Anderson v. Harless*, 459 U.S. 4 (1982); *Harris v. Pulley*, 852 F.2d 1546, 1569-71 (9th Cir. 1988), *opinion amended on other grounds and superseded by* 885 F.2d 1354, *cert. denied,* 493 U.S. 1051 (1990). Moreover, a petitioner seeking relief must have presented each claim to the state Supreme Court based upon the same federal **legal** theory and the same **factual** basis asserted in the federal petition. It is only then that the exhaustion requirement of 28 U.S.C. § 2254 is

ORDER TO PROCEED *IN FORMA PAUPERIS*
AND DISMISSING PETITION -- 2

fulfilled. *Hudson v. Rushen*, 686 F.2d 826 (9th Cir. 1982), *cert. denied*, 461 U.S. 916 (1983); *Schiers v. People of State of California*, 333 F.2d 173 (1964).

After review of Mr. Ewert's submissions, the court finds Petitioner is not entitled to relief in the district court at this time. Accordingly, **IT IS ORDERED** the Petition is **DISMISSED without prejudice** under Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, for lack of personal jurisdiction and because his sole claim for federal habeas relief is admittedly unexhausted.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, and forward copies to Petitioner. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this 25th day of January 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2010\10cv5006rhw-1-21-dishcexh.wpd

ORDER TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING PETITION -- 3